May it please the Court, Counsel, Kendra Matthews with Ransom Blackman on behalf of Petitioner Lydell White. The issue presented is whether Mr. White's federal claim was presented to the Court's order as to Abbott v. Baldwin. Petitioner does contend that that case does support his position that his claim was sufficiently made to the State Court. In that case, the Court of Appeals held at the State level that if a claim or ruling by the Court was traceable to the scope of the petition, as submitted by a pro se petitioner or a petitioner represented by counsel, the court did have authority, the trial court hearing the case did have authority to grant relief. In Abbott v. Baldwin, the petitioner made a claim that he had ineffective assistance of counsel regarding statute of limitations issues, but he completely misunderstood the actual statute of limits claim that was to his benefit. And the Court of Appeals found that that was sufficiently broad enough for the trial court to rule in his favor. In this case, similarly, Mr. White filed a pro se petition in which he alleged very generally that he was imprisoned in violation of his Sixth Amendment right to counsel. He then had more specific claims that did not set out the argument that he is making at the federal level. However, he did make the claim that the trial court had improperly imprisoned him for 800 months for the murder count. In his trial memoranda, which was submitted by trial counsel, and for some reason trial counsel chose not to go back and amend the petition, which is where the record stands, but trial counsel did submit a trial memoranda that does identify the relevant cases, State v. Shumway, which is an Oregon case relating to Article I, Section 16, regarding petitioner's sentence of 800 months for the murder count and that that was, in fact, ineffective assistance of counsel not to point out to the trial court that his sentence was illegal. And so in that way, we do believe it falls into the scope discussed by Abbott. I think for completeness, we need to take a step back and look at the statute, ORS 1385503, which is cited by the respondent. That statute is relating to successive petitions in the Oregon post-conviction context. It provides that a petitioner must raise a petition, if there's not some exception to the rule. In the cases that really set out the standard for that petition, or for that statute, Church v. Gladden and McClure v. Mass, they both speak of proceedings. Petitioner had the obligation in the first proceeding, if his trial counsel wasn't raising an issue, to stand up and alert the trial court that there was an issue he was concerned with that wasn't being addressed. So contrary to a very strict reading, I do think that the general proviso that the Oregon rules of civil procedure apply to the post-conviction context, and that there is a general provision that if an issue is litigated in a civil context, it can be treated, the petition can be treated as if it was amended, does all come into play so that cases such as Abbott, where there was a very broad petition and argument and discussion and exchange at the trial court level, and then the trial court made a ruling that covered something that was not specifically argued in the petition. These are always troubling, of course. So we have to line up all these cases and figure out where does this one fit. In the Abbott case, the post-conviction court, as I recall, actually considered the claim. Is that correct? In both of the two cases that I would say are on the spectrum, Abbott and Baldwin, or excuse me, Bowen, the trial court is really the court is granting relief. And so in both instances it's clear that the trial court considered the issue on which there is ultimately a dispute because the trial court grants relief on that. So yes, in Abbott, my reading of the case is that there was an actual hearing in which there was an exchange of the parties in the trial court, ruled on this argument, and may have even been the one to raise an additional interpretation of the statute of limitations. So it just seems to me, inevitably those are the cases that come up and then they have that fact scenario. But it does seem to me to be a distinction that is important because this one goes through the system without the benefit of having been considered. What do we do with that? It's certainly a difficult record to work from given the way this post-conviction case was tried and the way many of them are tried, which is simply submission of trial memoranda. This issue was raised by trial counsel, as I mentioned, in trial memoranda that was submitted. There certainly was not, although it's not surprising, any motion or reply memoranda submitted by the respondent saying, listen, this trial memoranda doesn't address claims that were in the petition. When the trial judge issued his letter opinion, he does make a reference to juvenile claims, the petitioner claims that he was sentenced improperly as a juvenile. I reject those claims. When it gets translated to the actual order, he also adopts the respondent's trial memoranda as his findings and conclusions, and therefore the findings and conclusions track the government's response, which does not address the issue that was raised in the petitioner's trial memoranda. So we have another confusion, but if we're looking at did the trial court have an opportunity to rule on this issue, there is suggestion that the trial judge did not reject consideration of the issue because of some sort of procedural gap, but simply that he rejected the argument, and then it proceeded through the courts in that manner. Now, the respondents on appeal certainly did argue that the case was procedurally defaulted on this argument. Thank you. Thank you. I'll reserve any other time. I appreciate your candor and recognizing we have a difficult thread through these cases. It is difficult, Your Honor, and I certainly agree that if the court does not find a procedural default, it is a situation that would go back to the district court for consideration of the merits, but it certainly is a situation in which the merits deserve a look. May it please the Court, Tim Sylvester for the respondent in this case. First off, I would like to point out that in this case, it seems to me when I was writing this brief that Abbott seemed so clearly distinguishable from this case that I didn't, that if I talked about it at all, it would have been to distinguish it quickly in a footnote. What was going on in Abbott is fundamentally different from what is going on in this case. In Abbott, as the Oregon Court of Appeals opinion explains, the petitioner did allege that very claim in his petition. The problem was is that when he made his argument to the post-conviction court, he had, he put, asserted one legal argument in support of that claim. And then the post-conviction court granted him relief on that claim based on a different legal argument. And so when that case went up on appeal, I said you can't do that because the petitioner made a specific legal argument in support of his claim, and the post-conviction court couldn't grant relief on a different legal argument. And in the Court of Appeals opinion, the Court of Appeals, first off, reiterates the point that a, that the post-conviction court is limited to granting relief solely on claims that are alleged specifically in the petition. And it says, and I'm quoting on 178 Oregon Appeals 295, here petitioner specifically alleged that his trial counsel was inadequate for failing to make a motion for judgment of acquittal and for failing to request specific jury instructions. And the post-conviction court granted relief on those claims. And this is what the court ultimately held. Although the petitioner's specific arguments at trial were not identical to those articulated by the court, the relief granted is directly traceable to and falls within the scope of the claims alleged in the post-conviction petition. And so that, that case essentially reiterate, reiterates the same point that I'm making here. In order for the post-conviction court under Oregon law to grant post-conviction relief, it has to be based on a claim that is specifically alleged in the post-conviction petition. Can I just take it back, then, so I understand how this evolved in the trial court on the first, on the, back in the Oregon courts? Because I understand that there's a general objection to the sentence, but no specific reference to the Eighth Amendment or the Article 16 of the Constitution, right? So he doesn't make it there. Then he goes on direct appeal to the Oregon Court of Appeals, and that's where he raises the Eighth, tries to raise the Eighth Amendment claim. And the Article 1, Section 16. And the Article, okay. So now you're saying under Oregon law, he's now forever barred from litigating that claim because he failed to raise it in the very first instance in the trial court. Well, he failed to raise it on the trial court, and so when he tried to raise it the first time on direct appeal, I argued, you can't review it because it's not preserved. Okay, so, all right. Okay, and so the Court of Appeals then affirms without opinion. Right. Then at that point, he goes into state post-conviction. Right. And at that point, his claim is, what he should have alleged, was that my trial counsel provided inadequate assistance or ineffective assistance for failing to object to the 800 month statute. Right, so he's pro se at that point. He's pro se at that point. So you're saying now what he is a sophisticated pro, I mean, we can't even figure these things out sometimes, but in any event, and I'm not trying to be facetious, it's very difficult as Judge McEwen said. So tracking through, you're saying, okay, now if he had known precisely what he should have done, he should have raised that claim as an IAC, an ineffective assistance of counsel. Correct. But because he didn't do that. That's correct. And alleged two others that were specific to his statute. That's correct. Then, now he's out. Vile. Then he got appointed counsel, as I understand it, right? Yes, he got appointed counsel. Under Oregon law, are you saying that if that appointed counsel had been on his toes, I that he could have amended the petition? That's right. He could have amended the petition. So that was a viable option, and you wouldn't have been up there saying, sorry, I'll waive, can't do it. That's right. He has an absolute right to file an amended petition. Let me ask on that, and is that amendment, could it have been on any subject? Would it have been limited to IAC claims, although he would have alleged specific ones? Well, he could have alleged anything he wanted. So in other words, it was wide open. It was wide open. Okay, just wanted to clarify that. He wasn't limited by the scope of the original petition. And what makes this case, I think, rather interesting is that the claim that he failed to allege in his petition for post-conviction relief is precisely the claim that he tried to litigate too late on direct appeal. And so he was fully aware of this claim, because it had been litigated on direct appeal. To his lawyer, at least, had he read all the filings, would have known that this was an Well, the one thing I want to make clear is, it's always been our position, ultimately, this claim has no merit. And so I think probably what happened is the post-conviction counsel took a look at it and said, I have to winnow out and assert the claims that I think have the most potential of merit. I will allege those. This one doesn't strike me as one that has any merit, so I didn't allege that. But the bottom line is, is that when you look at the excerpt of record on page 10, it's a very specific, detailed series of claims challenging all sorts of things about the sentence. But it's about the other sentence, and it's on other bases. He didn't challenge the 800-month sentence on the murder conviction, he challenged only the life sentence on the aggravated murder conviction. He didn't allege any sort of claim based on Article I, Section 16 of the Oregon Constitution. So this is one where there is simply no claim in the petition on which the post-conviction court could have granted relief on that basis. And so that's why Abbott, the Abbott case is distinguishable. Now, Petitioner says, well, under Oregon law, the pleadings can be amended to conform to the claims actually litigated. But it's important here to note that Petitioner never asked for his petition to be amended before the post-conviction court based on the claims that he raised in his trial memory. Was he still pro se at that time? No, he was represented by counsel. At what point in the post-conviction proceedings did counsel come in? He filed, Petitioner filed a pro se petition, and that's the one that's at the excerpt of record 10. At that point, he applied for and obtained court-appointed counsel. Court-appointed counsel under Oregon law then has an absolute right to file a formal petition superseding the pro se petition. But appointed counsel filed a motion saying, we will proceed on the original pro se petition. Okay, and so when- Then in the brief, counsel did mention this. Right, and so when counsel then filed his trial memorandum on the morning of trial with the post-conviction court, his trial memorandum, in addition to addressing other claims, had this argument for the first time. Well, the state's memorandum in response, which was filed simultaneously, didn't address that because it wasn't alleged in the petition. The parties did not discuss that claim at all before the post-conviction court. The trial judge threw it out. And the post-conviction court didn't even discuss it. They didn't discuss it. So then it goes up to the court of appeals. And the court of appeals, and he tries to raise this before the court of appeals, and our response is, that claim isn't properly before the court. The question for us, I guess, is, did the court of appeals have a full and fair opportunity to recognize the point and rule on it? Well, but I think that the point is, is that under Bowen v. Johnson, under ORS 138550 sub 3, because that claim never was presented, alleged in the petition, and the post-conviction court never addressed it, it simply, at that point, was not in the case. And so the court of appeals could not have granted relief on it. And that's the essential holding of Bowen v. Johnson, is that if it's not alleged in the petition, the trial court can't grant relief on it, and the appellate court can't grant relief on it. If Petitioner wants to litigate a claim that was omitted from his petition, his only recourse at this point is to file a successive petition and try to explain to the court why he should be excused from his default. That's what his questions are. I'm sorry, file a successive petition where? It would be a successive petition for post-conviction. In the state system. In the state system. Thank you. I have a few comments in rebuttal. The first is a suggestion that the court has recently, the Ninth Circuit has recently said in Peterson v. Lampere, 319 F3D 1153, that the Ninth Circuit's, if there has been any suggestion in Ninth Circuit case law that pro se petitions should not be read in the context of them being pro se petitions, they didn't intend to do that. Lyons is the case that springs to mind, and I think was referenced in that case, as suggesting that a pro se petitioner should not be treated than a counseled petitioner. Right, but here the problem is that there was intervening, if we were just dealing straight up with pro se, but there's the. And. His problem was that he had a lawyer. In context, there is a problem in the context of this post-conviction set up in which the obligation is left to the pro se petitioner who was 15 when he was incarcerated for 800 months because he had had so many problems previously, it is left to him to identify the proper issues. And he, at least, gets fairly close and his counsel comes in and relies on that and files the same trial memoranda without addressing it with the court, and the obligation, as I said, under church and the cases interpreting ORS 1385503 to the petitioner is if your counsel does not raise this issue, it's your obligation to bring it up with the trial court. Well, this petitioner, if we assume he was even in the courtroom, which is probably unfair, would have read a trial memorandum in which this issue was being raised, so now you're asking the petitioner to be able to identify that his counsel has raised an issue, but has not raised it properly. So I'm just suggesting that if there is a possibility that there's a context in which this difficult situation can be recognized, this would be an appropriate case in which to do it. I have a couple of questions that are, if we get past the procedural default question, in what way was counsel's performance inadequate under Strickland? Under Strickland, it was inadequate because he failed to recognize the Oregon constitutional and statutory limitations on the sentence. And in- Well, are those, those aren't black letter limitations on the sentence, I think they require quite a bit of interpretation, don't they? They are, and Your Honor, I see I'm out of time, but may I- Well, go ahead and, yeah. The cases, all of which held that this sentence was illegal for the reasons that we did outline in our brief, all were in place and in fact cited by the trial attorney in his trial memoranda. And he, in fact, made all of the intellectual points that he needed to make to put those cases together for their significance. In other words, he said, Your Honor, you can't impose a true life sentence for this aggravated murder conviction that the courts have held as unconstitutional. And- Why not? Was there something mysterious about Oregon law that you can't have a life sentence? There was with juveniles at the time. They could not receive a true life sentence. And the trial attorney recognized that with the aggravated murder case and said, you cannot, he cannot receive a true life sentence. Then he said, Your Honor, the state is suggesting that he receive 800 months for his life sentence. We suggest to you that that's a true life sentence. About 67 years or something. But at least in terms of argument, trial counsel said to the court, that is a true life sentence. He then cited Shumway for the general proposition which in Oregon law stands for a lesser offense cannot receive a greater sentence for a greater offense. He was aware of that and cited it in a different context in his trial memoranda. But he never put together this concept. You're giving him a lesser sentence for the aggravated murder than you are for the murder. That would be an as applied challenge which wouldn't fly in any event. But he had it right there in front of him to put together the simplest statutory challenge. Your main point, though, I guess we're out of time. Your main point is that the state of Oregon had a full and fair opportunity to hear and decide this issue of ineffective assistance on the pleadings that showed up in court, whether they were done by the pro se or by the lawyer. That is correct, Your Honor. And I think if you look at ER 26, which is the judge's letter opinion at the post conviction level, that is the only real statement by the trial court as to what he did consider. And it is fairly vague, but it does mention juvenile sentencing. And then he did mention Petitioner on page 12 of the excerpt is his paragraph regarding his sentence. He does only refer to the Eighth Amendment, which in this context is not his constitutional claim. His constitutional claim is Sixth Amendment, ineffective assistance of counsel for failing to recognize his murder sentence was illegal. And he does mention his murder sentence being illegal. He brings up the Eighth Amendment, which I think goes to add. It's illegal and not cruel and unusual. It's illegal and not cruel and it's illegal and unconstitutional under Oregon. It's not really in the case, is it? Right. It's cruel and unusual. Right. But I think then we go back to Abbott, which was him raising it, but raising the wrong legal argument. Thank you. Thank counsel for their argument. White versus Plummer is submitted. We'll next hear argument in MSM Investments Company versus Carolwood Corporation.
judges: Goodwin, McKeown, Fisher